```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
GRAND RIVER ENTERPRISES SIX NATIONS,   :
LTD., JASH INTERNATIONAL, INC.,        :
INTERNATIONAL TOBACCO PARTNERS, LTD.,  :
NATIONWIDE TOBACCO, INC., SUN TOBACCO, :
INC., and 3B HOLDINGS, INC.,           :   02 Civ. 5068(JFK)
                                       :   OPINION and ORDER
                    Plaintiffs,        :
                                       :
           – against –                 :
                                       :
WILLIAM PRYOR, et al.                  :
                                       :
                    Defendants.        :
---------------------------------------X
```

**APPEARANCES**

**For Plaintiff Grand River Enterprises Six Nations, Ltd.**

    Law Offices of Leonard Violi, LLC
    910 East Boston Post Road
    Mamaroneck, New York 10543
      Of Counsel: Leonard Violi, Esq.

    Windels Marx Lane & Mittendorf, LLP
    156 West 56th Street
    New York, New York 10019
      Of Counsel: Robert J. Luddy, Esq.
             Stephen DeHoff, Esq.

**For Defendants (as Liaison Counsel)**

    Eliot Spitzer
    Attorney General of the State of New York
    120 Broadway
    New York, New York 10271
      Of Counsel: Avi Schick, Esq.
             Dana Biberman, Esq.

**JOHN F. KEENAN, United States District Judge**

**JOHN F. KEENAN**, United States District Judge:

BACKGROUND

Plaintiff Grand River Enterprises Six Nations, Ltd. ("Grand River") moves under Fed. R. App. P. 8(a) for an injunction pending appeal of the Court's May 31, 2006 Order, which denied Grand River's motion for a preliminary injunction barring the defendant States from (i) enforcing the Allocable Share Amendments to their escrow statutes, (ii) denying Grand River's Master Settlement Agreement ("MSA") application, and (iii) banning the sale of Grand River cigarettes because of non-compliance with the escrow statutes.

In support of its Rule 8(a) motion, Grand River submits a declaration from Norman Davis dated June 19, 2006. Mr. Davis is an owner of Tri-Star Distributing LLC, a Tennessee wholesaler and distributor of tobacco products. (Davis Decl. ¶ 1.) He informs the Court that "[j]ust last week," he called the Tennessee Attorney General and Department of Revenue to inquire about Grand River's status under the Contraband Law. (Davis Decl. ¶ 8.) Mr. Davis reports that the Attorney General's office and Department of Revenue "would inform me only that Grand River's submissions and Directory certifications are continuously under review and that, as with any NPM [Non-Participating Manufacturer], there is a risk in distributing Grand River's products." (Davis. Decl. ¶ 8.)

2

Combating hearsay with hearsay, the defendant States have submitted a letter from Tennessee Deputy Attorney General Russell T. Perkins to Mr. Davis, dated June 9, 2006. In this letter, Deputy Attorney General Perkins states: "Thank you for calling and speaking to me on Wednesday June 7, 2006 about the status of [Grand River's] Seneca brand. For your information, this brand is currently compliant and is listed on the Department of Revenue's directory of compliant tobacco product manufacturers and brand families that may be sold in Tennessee." (Ltr. from Dep. AG Perkins to N. Davis (June 9, 2006)). Mr. Davis makes no mention of this letter in his declaration.

In addition, Mr. Davis asserts that Grand River will be priced out of the Tennessee market if it must charge more than $11.00 per carton wholesale. (Davis Decl. ¶ 11, 16.) He claims that Subsequent Participating Manufacturers ("SPMs") which charge more than $11.00 per carton offer periodic "buy-downs" and rebates that drop the price as much as $2.00 per carton. (Davis Decl. ¶¶ 11-13.) Mr. Davis's statements probably are in response to the evidence at the preliminary injunction hearing that certain Tennessee SPMs and NPMs charge higher wholesale prices than Grand River. (Ex. 5; Tr. 29-33.)[*] At oral argument on June

---

[*] "Ex. 5" refers to Grand River's Exhibit 5 at the preliminary injunction hearing, which the Court received in evidence on April 25, 2006, the first of three days of testimony. (Tr. 25.) "Tr." refers to the transcript of the hearing.

27, 2006, the States attacked the specificity of these statements.

## **DISCUSSION**

In determining whether a stay or injunction pending appeal is warranted, the Court considers: "the likelihood of success on the merits, irreparable injury if a stay is denied, substantial injury to the party opposing a stay if one is issued, and the public interest." Mohammed v. Reno, 309 F.3d 95, 100 (2d Cir. 2002).

The Davis Declaration adds little to the evidentiary mix. Grand River has presented no evidence, either in the present context or at the preliminary injunction hearing, that its cigarettes are in imminent danger of being deemed contraband in any State, including Tennessee. The evidence is to the contrary; Grand River is escrow compliant in the States in which it sells cigarettes. See Grand River Enters. Six Nations, Ltd. v. Pryor, No. 02 Civ. 5068, 2006 WL 1517603, at *5. As for the SPM buy-downs and rebates, the Court agrees with the States that Mr. Davis is not specific concerning the frequency or amount of the rebates. Furthermore, his statements are unsupported by documentary evidence. The reliable evidence on this issue is Grand River's own Exhibit 5 from the preliminary injunction hearing, which shows only that some SPMs and NPMs in Tennessee charge higher wholesale prices than Grand River, and some charge

4

lower prices. The Court therefore refuses to accept Mr. Davis's assertions about buy-downs and rebates at face value.

Considering the four factors set out in Reno, the Court determines that an injunction under Rule 8(a) is not warranted. Grand River has not persuaded the Court that anything has changed since the May 31, 2006 Order, nor has it demonstrated any important facts in evidence or controlling law that the Court overlooked. The Court adheres to its view, as explained in the previous Order, that Grand River has not shown a likelihood of success on the merits or of irreparable injury. Even if, as Grand River argues, the "likelihood of success" hurdle is lower here than the first time around, Grand River has not cleared it. Finally, the Court remains of the opinion, for the reasons stated in the previous Order, that enforcement of escrow statutes benefits the public interest.

Grand River's motion for an injunction pending its appeal is denied.

**SO ORDERED.**

Dated: New York, New York
June 29, 2006

John F. Keenan
JOHN F. KEENAN
United States District Judge

5