```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
GRAND RIVER ENTERPRISE SIX NATIONS,
LTD.,
                                         02 Civ. 5068 (JFK)(DFE)
            Plaintiff,

     - against -                         MEMORANDUM AND ORDER

WILLIAM PRYOR, et al.,

            Defendants.
------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/14/08

DOUGLAS F. EATON, United States Magistrate Judge.

In my Memorandum and Order dated June 10, 2008, I wrote:

> The three [non-party] OPMs ... [provided me with their *in camera*] declarations [that] opposed production of the underlying pricing and econometric data [which they had supplied to the States' experts under strict confidentiality in the arbitrations between the OPMs and the States]. They provided me with samples of this data, and they explained the risks of dissemination, even if I were to limit such dissemination to Plaintiff's two expert economists.
>
> These two economists (who formerly held important positions in the Department of Justice and the Federal Trade Commission) have reviewed the reports of the States' experts and the opposing reports of the OPMs' experts. I have considered their May 20 submissions to me, in which they explain why they want to see the underlying pricing and econometric data concerning the non-party OPMs. However, I have determined that the risks are too great, except with respect to two categories of data. As to the remaining categories, I will set forth my reasons in a later opinion, ....

By letter dated June 20, 2008, Mr. Luddy asked me to treat his June 12 letter, and the accompanying affidavit of his microeconomic expert David Eisenstadt, as a Motion for Reconsideration of my June 10 order. In this connection, I have received several letters from the attorneys for the parties and for the OPMs, most notably: Ms. Fazio's letters of June 19, June 25, and July 7 on behalf of all three OPMs, and Mr. Luddy's letters of June 27 and

USDC SDNY
DATE SCANNED 7/18/08

July 8.

I have reconsidered my June 10 order, and I adhere to it for the reasons set forth in Ms. Fazio's letters, especially her June 25 letter at pages 8-9 and 12-16.

The attorneys for Plaintiff Grand River have told me that they decided to do something that has not been done by any of the Non-Participating Manufacturers in the many lawsuits that have challenged the statutes enacted following the Master Settlement Agreement between the States and the OPMs. Grand River's new strategy was to retain a microeconomist to study the pricing behavior of the non-party OPMs. The microeconomist is not satisfied with the data about the "list" wholesale prices of the OPMs. He wants to see the data about the numerous discounts and promotional allowances given to certain wholesalers and certain retailers for certain time periods and for certain brands, so that he can run complex mathematical calculations and make estimates about the "net" wholesale prices. He has seen the estimates made by the States' experts, but he is unwilling to make the promises which those experts made before they were allowed to see this data - - namely, promises not to consult in any other tobacco litigation for three years after receiving confidential data. Expert witnesses do not merely write reports; they have numerous discussions with attorneys for current litigants and prospective litigants. As Ms. Fazio's June 25 letter states at page 9: "Plaintiffs' experts and their firms have worked for other fourth-tier competitors in the past and may do so again in the future. The competitive insights they gain and conclusions they draw from their review of the Significant Factor Data in this case, including what they learn about each OPM's respective competitive strengths and vulnerabilities, constitute a bell that cannot be 'unrung' in their future work, no matter how scrupulous their compliance with the May 30 Confidentiality Order."

The OPMs have paid millions of dollars to assemble this data, and have carefully guarded its confidentiality. Plaintiff Grand River and many other Non-Participating Manufacturers have not spent the money to assemble such data. Such data can be used to decide where and when to offer discounts and promotional allowances, which are essential weapons in competition between cigarette manufacturers.

Accordingly, I find that Plaintiff is not entitled to any further discovery of data concerning the non-party OPMs. I hereby grant one last extension of time.

Any proposed expert witness who falls within the words of Rule 26(a)(2)(B) must serve a report in strict compliance with that Rule - - Plaintiff's experts by September 15, 2008, Defendants' experts by November 6, 2008.

All expert discovery must be commenced in time to be completed by December 8, 2008. Any depositions of experts must be scheduled as far in advance as possible.

                                                 /s/ Douglas F. Eaton
                                         DOUGLAS F. EATON
                                         United States Magistrate Judge

Dated:     New York, New York
            July 14, 2008

Copies of this Memorandum and Order are being sent to:
Leonard Violi, Esq. at fax 914-698-6207fax
Robert J. Luddy, Esq. at fax 212-262-1215fax
Dana Biberman, Esq. at fax 212-416-8877fax
Catherine Fazio, Esq. at fax 312-861-2200fax
Idit Froim, Esq. at fax 212-310-8007fax
Alexander Shaknes, Esq. at fax 212-884-8629fax
Hon. John F. Keenan