```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
GRAND RIVER ENTERPRISE SIX NATIONS,
LTD.,
                                         02 Civ. 5068 (JFK)(DFE)
                      Plaintiff,

           - against -
                                         MEMORANDUM AND ORDER
TROY KING, et al.,

                      Defendants.
------------------------------------x
```

DOUGLAS F. EATON, United States Magistrate Judge.

**7/21/08 Joint Letter #5: Plaintiff's response to the Defendants' requests for admissions.**

In Joint Letter #5, at pages 1-8, the Defendants move to determine the sufficiency of almost all of Plaintiff's 4/16/08 responses to the 99 Requests for Admission. I hereby determine that only three of those responses are insufficient, namely the responses to Requests 1, 4, and 94.

REQUEST 1.  Grand River manufactures Seneca brand cigarettes.

RESPONSE:  .... Defendant [sic] admits that it produced and packaged Seneca brand cigarettes.

In Joint Letter #5, at page 9, Plaintiff explains why it balks at the verb "manufactures," but it does not explain why it admits in the past tense rather than in the present tense. Unless Plaintiff faxes me a persuasive objection by February 20, 2009, I hereby order that, effective February 27, 2009, Plaintiff's Response is deemed to read: "Plaintiff admits that it produces and packages Seneca brand cigarettes."

REQUEST 4.  Grand River markets and sells Seneca brand cigarettes.

RESPONSE:  .... Defendant [sic] admits that it has sold Seneca brand cigarettes.

Plaintiff does not explain why it balks at the verb "markets," but I do not see that this matters. Again, Plaintiff

USDC SDNY
DATE SCANNED 2/14/09

does not explain why it admits in the past tense rather than in the present tense. Unless Plaintiff faxes me a persuasive objection by February 20, 2009, I hereby order that, effective February 27, 2009, Plaintiff's Response is deemed to read: "Plaintiff admits that it sells Seneca brand cigarettes."

REQUEST 94. There are more brands of cigarettes in the market today than there were 10 years ago. [I note that ¶12 of the Instructions and Definitions said: "Unless otherwise indicated, ... the relevant geographical area is the United States."]

RESPONSE: .... Plaintiff does not currently possess knowledge sufficient to admit or deny that more brands of cigarettes are currently sold in the United States, in comparison to 10 years ago.

In Joint Letter #5, at page 1, the Defendants quoted all of Rule 36(a)(4), F.R.Civ.P., including its last sentence:

> ... The answering party may assert **lack of knowledge or information** as a reason for failing to admit or deny **only if** the party **states** that it has made reasonable inquiry and that the **information** it knows or **can readily obtain** is insufficient to enable it to admit or deny. [Emphasis added]

At page 7, the Defendants noted that Plaintiff's president Steve Williams testified at his 2/13/08 deposition at Tr. 211:

> Q. In is your understanding that there are more brands of cigarettes in the United States than there were ten years ago?
>
> A. Yes.

Unless Plaintiff faxes me a persuasive objection by February 20, 2009, I hereby order that, effective February 27, 2009, Plaintiff's Response is deemed to read: "Plaintiff admits that, as of February 13, 2008, more brands of cigarettes were being sold in the United States, in comparison to 10 years earlier."

As noted above, Rule 36(a)(4) requires, in certain circumstances, that the answering party make a statement about reasonable inquiry. However, that requirement will not be enforced if the requesting party has failed to meet "the burden of setting forth its requests simply, directly, not vaguely or

ambiguously, and in such a manner that they can be answered with a simple admit or deny." *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003), citing *Diederich v. Department of the Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990). In the case at bar, many of the Defendants' other Requests for Admissions did not meet that burden.

Now that discovery has closed, the parties may no longer use Rule 36, except for the limited purpose of a request to admit "the genuineness of any described document." See Rule 36(a)(1)(B) and Rule 36(a)(2). On the other hand, the parties may narrow issues by using Local Civil Rule 56.1.

_____
DOUGLAS F. EATON
United States Magistrate Judge

Dated:     New York, New York
           February 13, 2009


Copies of this Memorandum and Order are being sent to:

Leonard Violi, Esq. at fax 914-698-6207fax
Robert J. Luddy, Esq. at fax 212-262-1215fax
Dana Biberman, Esq. at fax 212-416-8877fax

Hon. John F. Keenan