```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/24/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
GRAND RIVER ENTERPRISE SIX NATIONS,
LTD.,

                Plaintiff,

        - against -

TROY KING, et al.,

                Defendants.
----------------------------------------x

02 Civ. 5068 (JFK)(DFE)

MEMORANDUM AND ORDER

DOUGLAS F. EATON, United States Magistrate Judge.

    1.  In my Memorandum and Order dated February 13, 2009, I ruled as follows on Defendants' Rule 36 Request 94 and Plaintiff's Response:

> REQUEST 94.  There are more brands of cigarettes in the market today than there were 10 years ago.  [I note that ¶12 of the Instructions and Definitions said: "Unless otherwise indicated, ... the relevant geographical area is the United States."]
>
> RESPONSE: .... Plaintiff does not currently possess knowledge sufficient to admit or deny that more brands of cigarettes are currently sold in the United States, in comparison to 10 years ago.

    In Joint Letter #5, at page 1, the Defendants quoted all of Rule 36(a)(4), F.R.Civ.P., including its last sentence:

> ... The answering party may assert **lack of knowledge or information** as a reason for failing to admit or deny **only if** the party **states** that it has made reasonable inquiry and that the **information** it knows or **can readily obtain** is insufficient to enable it to admit or deny.  [Emphasis added]

    At page 7, the Defendants noted that Plaintiff's president Steve Williams testified at his 2/13/08 deposition at Tr. 211:

-1-

USDC SDNY
DATE SCANNED 2/24/09

>    Q. In is your understanding that there are more brands of cigarettes in the United States than there were ten years ago?
>
>    A. Yes.

Unless Plaintiff faxes me a persuasive objection by February 20, 2009, I hereby order that, effective February 27, 2009, Plaintiff's Response is deemed to read: "Plaintiff admits that, as of February 13, 2008, more brands of cigarettes were being sold in the United States, in comparison to 10 years earlier."

    2. On February 20, 2009, Mr. Luddy faxed me an objection (a 3-page letter plus exhibits). He says that my ruling was flawed for three reasons. First, Plaintiff's president was not testifying as Plaintiff's Rule 30(b)(6) representative. Second, earlier in the testimony, Plaintiff's president stated that while he had certain knowledge about Plaintiff's sales in Canada, he lacked similar knowledge about the United States market. Third, Plaintiff's president merely testified as to his understanding.

    3. Mr. Luddy's three reasons are immaterial. Request 94 was simple and understandable. Mr. Luddy does not dispute my quotation from Rule 36(a)(4):

>    ... The answering party may assert **lack of knowledge or information** as a reason for failing to admit or deny **only if** the party **states** that it has made reasonable inquiry and that the **information** it knows or **can readily obtain** is insufficient to enable it to admit or deny. [Emphasis added]

Plaintiff has made no such statement in its 4/16/08 response or in its 2/20/09 objection. Plaintiff chose to bring antitrust claims concerning the sales of cigarettes in the United States during the years from 1998 to the present. Plaintiff also retained an expert witness on that topic. I adhere to my ruling.

                                      /s/ Douglas F. Eaton
                                   DOUGLAS F. EATON
                                   United States Magistrate Judge

Dated:    New York, New York
            February 24, 2009

Copies of this Memorandum and Order are being sent to:

Leonard Violi, Esq. at fax 914-698-6207fax
Robert J. Luddy, Esq. at fax 212-262-1215fax
Dana Biberman, Esq. at fax 212-416-8877fax

Hon. John F. Keenan