```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- X
GRAND RIVER ENTERPRISES SIX         :
NATIONS, LTD.,                      :
                                    :
                 Plaintiff,         :
                                    :
         -against-                  :   MEMORANDUM OPINION
                                    :       AND ORDER
TROY KING, et al.,                  :   02 Civ. 5068 (JFK)
                                    :
                 Defendants.        :
----------------------------------- X
```
**JOHN F. KEENAN, United States District Judge:**

Before the Court is Plaintiff's objection to Magistrate Judge Eaton's February 11, 2009, discovery order. Plaintiff objects to the order to the extent it requires Plaintiff to provide documents responsive to Requests Nos. 1, 2, and 13 from a June 13, 2008, document request and documents responsive to Requests Nos. 1, 2, 14, and 15 from an April 16, 2008, document request. In response to Plaintiff's objection, Defendants informed the Court that they withdraw Requests Nos. 1 and 2 of the June 13 document request and Request No. 15 of the April 16 document request. Additionally, Defendants stated that the parties expect to resolve their dispute over Request No. 13 of the June 13 document request and Requests Nos. 1 and 2 of the April 16 document request without the Court's assistance. Thus, the only disputed document request requiring the Court's attention is Request No. 14 of the

April 16 document request.  For the reasons set forth below, the Court affirms the order to the extent it requires Grand River to comply with Request No. 14 of the April 16 document request.

## I.  BACKGROUND

The Court assumes familiarity with its earlier opinions in this case and discusses only those facts related to the current discovery dispute.  For a detailed summary of the facts, see Grand River Enterprises Six Nations, Ltd. v. Pryor, No. 02 Civ. 5068, 2006 U.S. Dist. LEXIS 35614 (S.D.N.Y. May 31, 2006), and Grand River Enterprises Six Nations, Ltd. v. Pryor, No. 02 Civ. 5068, 2003 U.S. Dist. LEXIS 16995 (S.D.N.Y. Sept. 29, 2003).

On February 2, 2008, Defendant States served Plaintiff Grand River with their second joint request for the production of documents.  On February 14, 2008, Defendants deposed Steve Williams, Grand River's president, who revealed that Grand River had made an analysis of the cost of producing a United States-bound cigarette. (Decl. of Christopher K. Leung in Supp. of Defs.' Opp'n to Pl.'s Objection to Magistrate Judge Eaton's Feb. 11, 2009, Mem. and Order ("Defs.' Decl.") Ex. B 406.)  Defendants' counsel requested production of this cost analysis at the deposition. (Id. at 407.)  On April 16, 2008, Defendants

wrote Grand River with formal document requests. Request No. 14 read, "Any cost analyses or other documents regarding the cost for Grand River to produce an American-bound cigarette." (Id. at Ex. D ¶ 14.)  The document request cited the pages from the deposition of Steve Williams where Defendants' counsel had made largely the same request.  In a paragraph following the request, Defendants argued that the production would be responsive to five requests made in the February 2 document request. Those requests – Requests Nos. 10, 12, 13, 16, and 17 – generally concerned how Grand River prices its cigarettes in the United States.  Grand River had produced other documents in response to those requests on April 9, 2008. (Pl.'s Br. Ex. 1 at 7.)

When Grand River failed to respond to the April 16 document requests, Defendants moved to compel production in a joint letter to Magistrate Judge Eaton dated July 21, 2008.  Grand River protested that Defendants' April 16 document requests – including Request No. 14 – "breached the Scheduling Order and further were unauthorized under the Federal Rules." (Id. at 9.)  Magistrate Judge Eaton rejected these arguments as "utterly lacking in merit" and ordered Grand River to comply with Request No. 14, among others.

3

## II. DISCUSSION

Grand River objects to Magistrate Judge Eaton's ruling for two reasons: (1) the document request made at the deposition of Steve Williams was untimely, improper, and not binding, and (2) Request No. 14 is overbroad and implicates the privacy rights of Grand River's staff and shareholders.

### A. Standard of Review

Discovery issues are generally considered non-dispositive. See Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990); Eisai Ltd. v. Dr. Reddy's Labs., Inc., 406 F. Supp. 2d 341, 342 (S.D.N.Y. 2005). When a party files an objection to a magistrate judge's order on a non-dispositive matter, the district judge to whom the case is assigned must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A decision is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Surles v. Air France, 210 F. Supp. 2d 501, 502 (S.D.N.Y. 2002). In deciding discovery disputes, a magistrate judge is entitled to "broad discretion, which will be overruled only if abused." Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 373-74 (S.D.N.Y. 1989).

Magistrate judges receive "substantial deference," particularly where they have "been deeply involved in discovery matters in the case for years." Lugosch v. Congel, 443 F. Supp. 2d 254, 276 (N.D.N.Y 2006); accord Curto v. Med. World Commc'ns, Inc., No. 03 Civ. 6327, 2007 U.S. Dist. LEXIS 35464, at *24 (E.D.N.Y. May 15, 2007).

### B. Obligation to Supplement Production

"A party . . . who has responded to . . . [a] request for production . . . must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e)(1). Rule 26(e) is a "continuing obligation" and is not subject to "any limitation of time." Weiss v. Chrysler Motors Corp., 515 F.2d 449, 457 (2d Cir. 1975).

Grand River produced documents in response to Requests Nos. 10, 12, 13, 16, and 17 in the February 2 document request. Those requests covered documents related to how Grand River priced its cigarettes in the United States. For example, Request No. 10 sought "[a]ll documents concerning how you or your distributor determined the price at which your cigarettes were marketed or sold in the United States." (Defs.' Decl. Ex. A 5-6.) Cost analyses of

5

United States-bound cigarettes are clearly responsive to Request No. 10 and are possibly responsive to other requests in the February 2 document request as well. Therefore, Rule 26 obliges Plaintiff to supplement its earlier production with such cost analyses. That Defendants informally requested a cost analysis at a deposition after the deadline for service of document requests had passed is of no moment here. Magistrate Judge Eaton was not clearly erroneous in reaching the same finding.

### C.  Plaintiff's Other Arguments Are Waived

Plaintiff has waived its arguments that Request No. 14 is overbroad and implicates the privacy rights of Plaintiff's staff and shareholders. According to Moore's Federal Practice,

> A party's failure to present timely arguments, case law, or evidentiary materials to a magistrate judge prior to the magistrate's ruling, thereby depriving the magistrate of the opportunity to rectify any alleged errors, waives that party's right to present those arguments or materials to the district court on appeal from the magistrate's nondispositive order.

14 James Wm. Moore et al., Moore's Federal Practice § 72.11[1][a] (3d ed. 2000); see also Tenen v. Winter, 15 F. Supp. 2d 270, 272 (W.D.N.Y. 1998) ("The district judge will normally not consider arguments, case law, or evidentiary

6

material which could have been, but was not, presented to the magistrate judge in the first instance." (citing Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988) ("[A]n unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate."))).

Grand River did not oppose Request No. 14 on the grounds of overbreadth or privacy in the July 21, 2008, joint letter to Magistrate Judge Eaton. Therefore, the Court disregards these arguments as waived.

## CONCLUSION

Magistrate Judge Eaton's February 11, 2009, discovery order is affirmed to the extent it orders Grand River to comply with Request No. 14 of the April 16, 2008, document request.

SO ORDERED.

Dated:   New York, New York

     May /5, 2009

*[signature: John F. Keenan]*

                              JOHN F. KEENAN
                              United States District Judge